STATE BAR GRIEVANCE ADMINISTRATOR v JAQUES. (Docket No. 58697.) Application for rehearing filed by the appellant, motion to disqualify appellant's counsel filed by the State Bar Grievance Board, and motion to extend the time for filing supplementary matter in support of the application for rehearing filed by substituted counsel for the appellant, are considered. It is ordered that the application for rehearing and the motion to extend time are denied, the motion to disqualify appellant's counsel is denied as moot, and the stay of suspension heretofore granted by order dated August 9, 1976 is terminated. *Louis Rosenzweig,* Counsel to State Bar Grievance Administrator, appellee. *Schlussel, Lifton, Simon, Rands, Kaufman & Lesinski* for appellant. Reported at 401 Mich 516.

KAVANAGH, C. J., and LEVIN, J., dissenting:

We would grant the motion for an extension of time to provide appellant's substituted counsel time to review the motion for rehearing and to file supplementary matter in support of such motion.

Certiorari having been granted by the United States Supreme Court in *Ohralik v Ohio State Bar Ass'n,* 48 Ohio St 2d 217 (1976), and *In the Matter of Smith,* 233 SE2d 301 (1977), and it appearing that the decisions in those cases may be dispositive of the application for rehearing, we would hold the application in abeyance and continue the stay of appellant's suspension pending the decision in *Ohralik* and *Smith.*

Justice FITZGERALD would grant the motion for an extension of time to file supplementary matter in support of the application and until said matter was considered by the Court would withhold action upon the application for rehearing.

Ordered resubmitted September 29, 1978. 403 Mich 955.

PEOPLE v PATRICIA COTTON. (Docket No. 59665.) Request for appointment of counsel denied. Patricia Cotton, *in propria persona,* appellant. Case below, Court of Appeals No. 29977, per curiam opinion of April 1, 1977.

PEOPLE v FULLER. (Docket No. 59892.) Request for appointment of counsel denied. Betty Ann Fuller, *in propria persona,* appellant. Case below, Court of Appeals No. 26821, memorandum opinion, of February 9, 1977.